[No. B041376. Second Dist., Div. Three. Feb. 27, 1990.]

WILLIAM MILLER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and COUNTY
OF LOS ANGELES, Respondents.

COUNSEL

Lewis, Marenstein & Kadar and Michael B. Lewis for Petitioner.

De Witt W. Clinton, County Counsel, Milton J. Litvin, Assistant County Counsel, and Daniel E. McCoy, Deputy County Counsel, for Respondents.

OPINION

DANIELSON, J.—Petitioner (applicant) seeks review of the decision of respondent Workers' Compensation Appeals Board (Board) denying applicant's petition to reopen for new and further disability.

We annul the Board's decision because the Board erred in determining applicant did not sustain new and further disability attributable to industrial injury.

## PROCEDURAL AND FACTUAL BACKGROUND

Applicant was employed as a firefighter by defendant County of Los Angeles from August 1956 through May 13, 1982.

During a routine medical examination on May 13, 1982, it was discovered applicant had left ventricular hypertrophy.

In June 1982 Dr. Swan concluded applicant should retire because he had relatively severe aortic valve disease; he had relatively severe branch stenoses in the left coronary system; the aortic valve needed replacement; and he might benefit from bypass surgery.

Dr. Gillis reported applicant's defective aortic valve was congenital and malfunctioned solely as a result of nonindustrial factors; applicant had atherosclerosis that may have been industrially aggravated; and he is precluded from very heavy and emotionally stressful work.

Dr. Joseph, noting that applicant had a heart murmur in 1980, concluded applicant had hypertension, arteriosclerosis, hyperlipidemia, and an aortic valve dysfunction; industrial emotional stress contributed to the development of the hypertension, arteriosclerosis, and hyperlipidemia; and applicant should avoid emotional stress and heavy lifting.

The parties stipulated that during the August 1956 through May 13, 1982, period of applicant's employment he sustained industrial injury to his heart, back, and right wrist, resulting in 51 percent permanent disability and need for further medical treatment. At the time of the stipulations the parties were aware of applicant's aortic valve disease.

On April 13, 1983, the workers' compensation judge (WCJ) awarded permanent disability indemnity and further medical treatment pursuant to the stipulations.

Thereafter, in October 1983, applicant underwent surgery for replacement of the aortic valve.

On May 3. 1984, Dr. Goldfarb opined the aortic valve disease was industrially aggravated and accelerated, contributing to permanent disability and need for surgery.

In June 1984 applicant petitioned to reopen the award, alleging new and further disability. Evidence at the hearing on the petition included the opinions of Drs. Gillis and Schoen.

Dr. Gillis opined applicant did not have hypertension or significant arteriosclerosis and the aortic valve condition was not caused, aggravated, or accelerated by his employment.

Dr. Schoen, the agreed medical examiner, reported applicant had more fatigue after the October 1983 surgery; applicant did not have hypertension or significant coronary artery disease; and the aortic stenosis was not industrial. Dr. Schoen restricted applicant to light work with no emotional stress because applicant's disability had increased as a result of a nonoccupational cardiac condition. Subsequently, Dr. Schoen testified he did not know why the aortic valve degenerated.

The parties stipulated that if the petition to reopen were granted and the aortic valve disease were found compensable, applicant's permanent disability had increased to 75 percent as a result of his heart condition.

The WCJ found applicant "has not sustained new and further disability attributable to industrial cause," and ordered denial of the petition to reopen. The WCJ opined his finding of no new and further disability was based on the entire record, including the report of Dr. Schoen.

The Board denied reconsideration, opining the WCJ justifiably relied on Dr. Schoen's report in finding applicant did not sustain new and further disability attributable to industrial injury.

### DISCUSSION

A petition to reopen for new and further disability may be filed pursuant to Labor Code sections 5410 and 5803. Section 5410 provides an injured employee may institute proceedings for the collection of compensation upon the ground the original injury has caused new and further disability; and section 5803 confers power on the Board to review, grant or regrant, diminish, increase, or terminate any compensation awarded upon the grounds

that the disability of the person in whose favor the award was made has either recurred, increased, diminished, or terminated.

Labor Code section 3212 provides that heart trouble developing or manifesting itself during a county firefighter's period of service "shall be presumed to arise out of and in the course of the employment. . . . [¶] Such . . . heart trouble . . . so developing or manifesting itself . . . shall in no case be attributed to any disease existing prior to such development or manifestation."

■ In rendering their decisions herein, the WCJ and Board ignored the Labor Code section 3212 presumption and the stipulations for the April 13, 1983, award. In view of the breadth of the stipulations, the parties' awareness of applicant's aortic valve disease when they entered into the stipulations, and the failure of the WCJ and Board to apply the section 3212 presumption, the WCJ and Board erred in finding applicant's aortic valve disease was not industrially related. (Lab. Code, § 3212; see *City and County of San Francisco* v. *Workers' Comp. Appeals Bd.* (*Wiebe*) (1978) 22 Cal.3d 103, 108-119 [148 Cal.Rptr. 626, 583 P.2d 151]; *Parish* v. *Workers' Comp. Appeals Bd.* (1989) 210 Cal.App.3d 92, 96-98 [258 Cal.Rptr. 287]; *Johnson* v. *Workers' Comp. Appeals Bd.* (1985) 163 Cal.App.3d 770, 775-777 [210 Cal.Rptr. 28]; *Muznik* v. *Workers' Comp. Appeals Bd.* (1975) 51 Cal.App.3d 622, 632-637 [124 Cal.Rptr. 407].)

■ Since the parties stipulated that after the October 1983 surgery applicant's permanent disability increased to 75 percent (from 51 percent in the original stipulated award of Apr. 13, 1983) as a result of the heart disease, and since no evidence was presented attributing the disability to a contemporaneous, nonwork-related event, the WCJ and Board erred in finding applicant had not sustained new and further disability. (Lab. Code, §§ 3212, 5410, 5803; see *City and County of San Francisco* v. *Workers' Comp. Appeals Bd.* (*Wiebe*), *supra*, 22 Cal.3d at p. 112; *Parish* v. *Workers' Comp. Appeals Bd.*, *supra*, 210 Cal.App.3d at pp. 96-98; *Johnson* v. *Workers' Comp. Appeals Bd.*, *supra*, 163 Cal.App.3d at p. 776; *Nicky Blair's Restaurant* v. *Workers' Comp. Appeals Bd.* (1980) 109 Cal.App.3d 941, 954-957 [167 Cal.Rptr. 516]; *Muznik* v. *Workers' Comp. Appeals Bd.*, *supra*, 51 Cal.App.3d at pp. 632-637.)

■,■ In view of the above conclusions, the WCJ and Board erred in denying applicant's petition to reopen for new and further disability. (Lab. Code, §§ 5410, 5803.) It is therefore unnecessary to address petitioner's contention the Board failed to state the evidence relied upon and specify the reasons for its decision as required by Labor Code section 5908.5.

## Decision

The March 2, 1989, decision of respondent Workers' Compensation Appeals Board denying the petition for reconsideration is annulled; and the matter is remanded to the Board for further proceedings consistent with the views expressed herein.

Klein, P. J., and Croskey, J., concurred.

A petition for a rehearing was denied March 28, 1990, and the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied May 23, 1990.